IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOREN CARRINGTON, On Behalf of Herself and Similarly Situated Employees, *Plaintiff*, | : : : : |
| v. | : CIVIL ACTION : NO. 23-2508 |
| GREATER LOVE INTERNATIONAL, *Defendant*. | : : |

### ORDER

**AND NOW,** this **22nd** day of **May, 2024**, upon consideration of Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement (ECF No. 27) and the Amendment to Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement (ECF No. 31), and after consideration of the representations made by counsel at the Status Conference held on April 4, 2024, it is hereby **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. The Class Action Settlement Agreement ("Settlement Agreement") (ECF No. 27-1) entered into by plaintiff Loren Carrington ("Plaintiff"), on behalf of herself and all other individuals similarly situated, and defendant Greater Love International ("Defendant") is preliminarily approved.

2. The terms and conditions of the Settlement Agreement are incorporated into this Order.

3.   The following Settlement Class is preliminarily certified for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), as follows:

> All individuals who, during any time between January 8, 2021 and September 15, 2023, were employed by Defendant as home care workers, with the exception of individuals who are members of Defendant's clergy. Specifically, the class consists of the 34 individuals identified in Exhibit A to the Settlement Agreement ("Class Award List") (ECF No. 27-1 at 11).

4.   Plaintiff brings this "hybrid" class/collective action lawsuit on behalf of herself and a class of other current and former home care workers employed by Defendant, claiming that Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* The complaint alleges that between January 8, 2021 and September 15, 2023, Defendant failed to pay its employees overtime premium pay at a rate of 150% of the regular hourly rate for hours worked over 40 hours per week.

5.   Plaintiff's PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3), while her FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b).

6.   The Settlement Agreement resolves the claims of the Plaintiff and the Settlement Class as follows:

    a.   Defendant's total payment into the Settlement Fund will be $85,000.00.

    b.   The Settlement Class will be paid $53,950.00 in accordance with the Class Award List.

    c.   Class Counsel will be paid $28,050.00, which is 33% of the Settlement Fund, as an award for attorneys' fees and costs.

    d.   Plaintiff will be awarded $3,000.00 as a service award.

   e. Plaintiff and all class members who do not exclude themselves from the settlement will release all legal and equitable claims arising between January 8, 2021 and September 15, 2023, asserted in or related to this action seeking unpaid overtime wages under the FLSA and the PMWA, and any other federal, state, or local statute, regulation, ordinance, or common law theory seeking unpaid wages or any associated penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable or other relief.

  7. The Settlement Agreement is likely to be approved as fair, reasonable and adequate to the Settlement Class after a Final Approval Hearing.

  8. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

   a. there are approximately 34 members of the Settlement Class;

   b. there are questions of fact and law that are common to all members of the Settlement Class;

   c. the claims of the class representative are typical of those of the other members of the Settlement Class;

   d. the class representative will fairly and adequately protect the interests of the Settlement Class; and

   e. counsel for the Settlement Class, experienced in litigating wage and hour class action claims, have and will continue to adequately represent the Settlement Class.

  9. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because:

   a. a class action is superior to other available methods for the fair and efficient adjudication of this controversy; and

b. questions of fact and law common to members of the Settlement Class predominate over any questions affecting only individual members.

10. The prerequisites to conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA have been satisfied for settlement purposes because Plaintiff has made the requisite "modest factual showing" that the putative class members are "similarly situated" to her.

11. Plaintiff Loren Carrington is appointed as the Class Representative.

12. Winbrake & Santillo, LLC is appointed as counsel for the Settlement Class ("Class Counsel").

13. In accordance with Paragraph 7 of the Settlement Agreement, notice of the proposed settlement shall be provided to the putative class members as follows:

a. No later than **May 31, 2024**, counsel for Defendant shall send Class Counsel an Excel spreadsheet containing each class member's name, social security number, last known email address, last known residential address, and last known phone number.

b. No later than **June 7, 2024**, Class Counsel shall send each class member a detailed notice form, which shall be substantially in the form attached as Exhibit B to the Settlement Agreement (ECF No. 27-1 at 12–14), as amended by the Amendment to Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement (ECF No. 31) ("Class Notice").

c. Specifically, the Class Notice shall: describe the litigation and the settlement; inform each class member of their expected payout amount and the manner by which such amount was calculated; explain how class members can exclude themselves from or object to the settlement; describe the nature and scope of the release of claims; identify Class Counsel

4

and inform class members as to the amount of fees and expenses sought by class counsel; and inform class members of the date, time and location of the Final Approval Hearing.

14. No later than **July 22, 2024**, Class Counsel shall file proof of mailing of the Class Notice required by the terms of this Order.

15. The manner of giving notice as prescribed in this Order satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) and due process, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to notice. As such, the proposed Class Notice and the notice protocols set forth in Paragraph 7 of the Settlement Agreement are approved pursuant to Fed. R. Civ. P. 23(c)(2)(B) and 23(e)(1).

16. Each class member shall have the right not to be included in the Settlement Class by mailing a request for exclusion to Class Counsel postmarked no later than **September 3, 2024** in accordance with the procedures described in Paragraph 8 of the Settlement Agreement and Section 6 of the Class Notice.

17. Any class member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in this litigation, even if the class member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the claims released in this case, and even if such class member never received actual notice of this litigation or this proposed settlement.

18. Unless and until they have submitted a timely request for exclusion from the Settlement Class, class members and their legally authorized representatives are preliminarily enjoined from:

    a. filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction;

    b. filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any class members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action); and

    c. attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based upon the claims released in the Settlement Agreement.

  19. Any class member who does not timely opt out of the Settlement Class shall have the right to object to the settlement or to the request by Class Counsel for an award of attorneys' fees and expenses by mailing a written objection to Class Counsel postmarked no later than **September 3, 2024** in accordance with the procedures described in Paragraph 9 of the Settlement Agreement and Section 7 of the Class Notice.

  20. Objections must contain the following: (1) a heading that refers to this action by case name and case number; (2) a statement of the specific legal and factual basis for each objection; (3) a statement whether the objecting person intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, bar number, address, and telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Final Approval Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to

be introduced at the Final Approval Hearing; and (5) a list of other cases in which the objector or counsel for the objector has appeared either as an objector in the last five years.

21. Failure to timely serve written objections in compliance with Paragraphs 20 and 21 of this Order will preclude the class member from objecting at the Final Approval Hearing.

22. No later than **September 10, 2024**, Class Counsel shall file and serve on Defendant a list of all persons who have timely opted out of the Settlement Class with its determinations as to whether any request to opt out was not submitted timely; and it shall provide written notification to any Settlement Class Member whose request to opt out of the Settlement Class was untimely.

23. No later than **September 10, 2024**, Class Counsel shall file all briefs and affidavits in support of final approval of the settlement and for an award of attorneys' fees and expenses.

24. Pursuant to Fed. R. Civ. P. 23(e), a Final Approval Hearing will be held on **Tuesday, September 24, 2024**, at **10:00 a.m.**, in **Courtroom 13B**, at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, to determine:

    a. whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

    b. whether the proposed settlement is fair, reasonable and adequate in consideration of the factors set forth in Fed. R. Civ. P. 23(e)(2);

    c. whether the prerequisites to certify the FLSA Collective Action have been satisfied for settlement purposes, including that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions;

    d. whether final approval should be granted;

    e. whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice;

  f. an award of attorneys' fees and expenses; and

  g. other such matters as the Court may deem appropriate.

25. The Court retains exclusive jurisdiction over this action to consider all matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge