IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LOREN CARRINGTON, on Behalf of Herself and Similarly Situated Employees,** *Plaintiff*, | : <br> : <br> : <br> : |
| v. | :    CIVIL NO. 23-2508 |
| | : |
| **GREATER LOVE INTERNATIONAL,** *Defendant.* | : <br> : <br> : |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ORDER**

**AND NOW**, this **28th day of October 24, 2024**, upon consideration of the Unopposed Motion for Final Approval of the Class Action Settlement (ECF No. 34), the Memorandum in Support of Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement (ECF No. 35), and after a hearing on October 24, 2024, this Court makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. On May 22, 2024, this Court preliminarily approved the proposed class action settlement.

2. In the May 22, 2024 Order, this Court defined the settlement class as a hybrid class, where Plaintiff's Pennsylvania Minimum Wage Act ("PMWA") claim is asserted as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) and her Fair Labor Standards Act ("FLSA") claim is asserted as a collective action under 29 U.S.C. § 216(b).

3. The Class includes all individuals who, during any time between January 8, 2021 and September 15, 2023, worked for Defendant as home care workers, with the exception of individuals who are members of the Defendant's clergy. Specifically, the Class consists of the 34 individuals identified in Exhibit A to the Class Action Settlement Agreement ("Settlement Agreement") (ECF No. 34-1 at 11).

1

4. Plaintiff Loren Carrington, the appointed Class Representative, has fairly and adequately protected the interests of the Class.

5. Peter D. Winebrake and Michelle Tolodziecki of Winebrake & Santillo, LLC, the appointed Class Counsel, have adequately represented the Class.

6. Notice of the proposed settlement was initially provided on June 4, 2024 to Class Members by Michelle Tolodziecki, in compliance with the Court's May 22, 2024 Order.

7. Notice of the October 24, 2024 hearing was sent out for hearing on: (a) whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b); (b) whether the settlement of this action on the terms and conditions set forth in the Settlement Agreement (ECF No. 34-1) is fair, reasonable, and adequate in consideration of the factors set forth in Fed. R. Civ. P. 23(e)(2) and under the *Girsh* factors; (c) whether the prerequisites to certify the FLSA collective action under 29 U.S.C. § 216(b) have been satisfied for settlement purposes, including that the settlement is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions; (d) whether final approval should be granted; (e) whether a final order and judgment should be entered dismissing the claims of the Class with prejudice; and (f) the amount of attorneys' fees and expenses to be awarded to Class Counsel.

8. Notice of the proposed settlement constituted the best notice practicable under the circumstances and was given to all members who could be identified through reasonable efforts.[1]

9. There are 34 Class Members.

---

[1] After the initial mailing, four notices were returned as undeliverable. Of these, three were remailed to addresses found through the Accurint database. The fourth was not remailed as no alternative address was found.

10. Class Members were given the option of excluding themselves from the Class by submitting a notice requesting exclusion to Class Counsel postmarked no later than September 2, 2024.

11. There are no individuals who requested exclusion from the Class.

12. The deadline for serving written objections to the settlement and/or to the request by Class Counsel for an award of attorneys' fees and expenses was September 3, 2024.

13. No Class Member has objected to the proposed settlement or the award of attorneys' fees and expenses.

14. Investigation, discovery, settlement negotiations, and briefing of a motion for approval of class action settlement have taken place at expense to the parties.

15. If this settlement is not approved, there will be expensive future litigation.

16. On October 24, 2024, pursuant to Fed. R. Civ. P. 23(e), a final approval hearing was held.

17. Class Counsel, defense counsel, and the Class Representative appeared at the October 24, 2024 hearing.

**The Settlement Agreement**

18. The settlement terms were reached after Class Counsel: (a) conducted an investigation of the facts underlying Plaintiff's claims; (b) filed a complaint alleging that Defendant violated the overtime wage provisions of the FLSA and the PMWA; (c) conducted necessary discovery to obtain payroll and timekeeping records and data; (e) engaged in settlement discussions with the assistance of a magistrate judge, the Honorable Judge Hey; and (f) briefed a joint motion for approval of the Settlement Agreement. These actions resulted in an understanding of the strengths and weaknesses of the claims and the

Defendant's potential defenses, enabling counsel to make an informed decision that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the settlement class.

19. Settlement negotiations were conducted at arm's length and with the assistance of the Honorable Judge Hey.

20. The Settlement Agreement was the product of informed analysis by all parties, taking into consideration the respective strengths and weaknesses of the parties' positions.

21. The parties have been and are represented by counsel experienced in class actions and complex commercial matters in the federal courts.

22. Defendant has challenged the claims on legal grounds that raise a potential finding of no liability.

23. The parties believe there are inherent risks in proceeding to trial.

24. Settlement will avoid delay in realizing a benefit for the affected Class Members, avoid unnecessary litigation costs, and eliminate uncertainty.

25. The absence of objections to the Settlement Agreement demonstrates support for the approval of this settlement as fair and reasonable.

26. The Settlement Agreement provides relief to several individuals who could not practically seek redress on an individual basis.

27. The Settlement Agreement requires Defendant to pay the Settlement Amount of eighty fifty thousand dollars ($85,000.00), pursuant to the schedule outlined in the Settlement Agreement.

28. Defendant has not adhered to the payment schedule outlined in the Settlement Agreement. As of September 25, 2024, Defendant was scheduled to have fully funded the $85,000

settlement fund. As of this date, Defendant has contributed approximately $50,000 to the settlement fund.

29. The Net Settlement Amount of $53,950.00, which is the Settlement Amount less Class Counsel expenses of $505.00 incurred in connection with this litigation, attorney's fee of $27,545.00, and a service award to the plaintiff of $3,000, will be distributed to Class Members entitled to a distribution of the proceeds in accordance with the amounts set forth in Exhibit A to the Settlement Agreement.

30. The Settlement Agreement does not grant preferential treatment to the Class Representatives or segments of the Class.

## Class Counsel's Request for Award of Attorneys' Fees and Expenses and for Class Representative Service Payment

31. Class Counsel has applied for an attorneys' fees award in the amount of $27,545.00, which is 32.4% of $85,000, and for payment of out-of-pocket expenses (filing fee, service fee, and postage) in the amount of $505.00.

32. Notice of Class Counsel's intention to seek attorneys' fees and an expenses award was provided to all Class Members in the Notice of Settlement.

33. There have been no objections to the requested award of attorneys' fees and expenses.

34. Class Counsel conducted a thorough investigation of the facts underlying Plaintiff's claims, engaged in discovery, and engaged in settlement negotiations.

35. The requested attorneys' fee in the amount of $27,545.00, which is 32.4% of the Settlement Amount, is typical considering fee awards granted in other wage and hour class actions.[2]

36. Class Counsel's fees requested are reasonable.

37. The out-of-pocket expenses incurred (filing fee, service fee, and postage) were reasonable and necessary.

38. Using the lodestar method as a cross-check on the reasonableness of the requested fees, Class Counsel's lodestar is $31,314, which reflects 77.7 hours of attorney and paralegal time.

39. Class Counsel's requested award for attorneys' fees and expenses of $28,050.00 results in a multiplier of 0.90.[3]

40. Given the nature of the services provided, Class Counsel's experience in class action cases and the rates of other lawyers in the community with similar skills and experience, Class Counsel's hourly rate is reasonable.

41. The number of hours expended by Class Counsel was not excessive or redundant, and the work was properly allocated among attorneys and paralegals of different skill and experience levels to reduce costs.

42. Class Counsel has applied for a $3,000.00 service award to the Class Representative.

43. Notice of Class Counsel's intention to seek a class representative service award was provided to all Class Members in the Notice of Settlement.

---

[2] Attorney's fees, using the percentage-of-recovery method, range from 19% to 45% of the settlement fund. *See In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 736 (3d Cir. 2001) (citation omitted); *Mabry v. Hildebrandt*, No. CV 14-5525, 2015 WL 5025810, at *4 (E.D. Pa. Aug. 24, 2015) (collecting cases).

[3] *See Cendant Corp. PRIDES*, 243 F.3d at 742 (quoting *In re Prudential*, 148 F.3d 283, 341 (3d Cir. 1998) ("'Multipliers ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.'")).

44. There have been no objections to the requested service award.

45. The service award requested is reasonable.

## CONCLUSIONS OF LAW

### Final Approval of the Settlement Agreement

1. The settlement of a class action requires Court approval after notice to all members of the class. See Fed. R. Civ. P. 23(e).

2. The requirements for class certification set forth in Fed. R. Civ. P. 23(a) and (b) are satisfied.

3. The Settlement Agreement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2) and the *Girsh* factors.[4] The Class Representative and Class Counsel have adequately represented the class. The Settlement Agreement was negotiated at arm's length and with the assistance of the Honorable Judge Hey. The relief provided to the class is adequate, considering all the factors in Fed. R. Civ. P. 23(e)(2)(C). The Settlement Agreement treats Class Members equitably relative to each other under Fed. R. Civ. P. 23(e)(2)(D).

4. In addition, the Settlement Agreement satisfies the criteria for a FLSA collective action under 29 U.S.C. § 216(b) because the Settlement Agreement is a fair and reasonable resolution of a *bona fide* dispute. *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 523 (E.D. Pa. 2016).

---

[4] The *Girsh* factors are "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through the trial; (7) the ability of defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best recovery; and, (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *In re: Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316, 322 & n.2 (3d Cir. 2019) (quoting *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)).

**Approval of Class Counsel's Request for Award of Attorneys' Fees and Expenses**

5. An award for attorneys' fees and expenses in the settlement of a class action requires court approval after notice to all class members in a reasonable manner. Fed. R. Civ. P. 23(h).

6. Notice of Class Counsel's intention to apply for an award of attorneys' fees and expenses has been provided to all persons in the class in a reasonable manner and satisfies the requirements of Fed. R. Civ. P. 23(h)(1).

7. The court may award "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

8. To evaluate what is an appropriate attorneys' fee in a class action, courts generally apply either the percentage-of-recovery method or the lodestar method. *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 279-80 (3d Cir. 2009).

9. Attorneys who create a settlement fund of benefits for class members by virtue of their efforts are entitled to be compensated for their services from that fund. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

10. The percentage-of-recovery method "is generally favored in common fund cases because it allows courts to award fees from the fund 'in a manner that rewards counsel for success and penalizes it for failure.'" *Ins. Brokerage*, 579 F.3d at 280 (quoting *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005)).

11. Regardless of the method chosen, it is prudent to use a second method of fee approval to cross-check the initial fee calculation. *Rite Aid*, 396 F.3d at 300; *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 & n.40 (3d Cir. 1995).

12. In evaluating a counsel fee request using the percentage-of-recovery method, the following factors are considered: (1) the size of the fund created and the number of persons benefitted;

(2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by Class Counsel; and (7) awards in similar cases. *Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 496 (3d Cir. 2017) (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000)). Additionally, "(8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of settlement" should be considered as prudential factors. *Halley*, 861 F.3d at 496 (citing *In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 541 (3d Cir. 2009)).

13. The lodestar method calculates fees by multiplying the number of hours reasonably worked by an appropriate hourly rate based on the given geographical area, the nature of the services provided, and the experience of the attorneys. *Rite Aid*, 396 F.3d at 305. The number of hours expended should not be excessive or redundant and should be appropriately allocated among attorneys and other staff with the proper skill level to reduce costs. *Hensley v. Eckerhart*, 461 U.S. 433-34 (1983).

14. After determining the lodestar, we calculate the "multiplier" by dividing the proposed fee award by the resulting lodestar.

15. Applying both the percentage-of-recovery and lodestar methods, Class Counsel's requests for an award of $27,545.00 for attorneys' fees and $505.00 for expenses related to the litigation are fair and reasonable.

**Continued Court Jurisdiction Through the Time of Defendant's Payment Obligation**

16. The Court retains jurisdiction over the parties and each of the Class Members for all matters relating to this action and the Settlement Agreement, including matters relating to the effectuation and/or enforcement of the Settlement Agreement and this Order, until Defendant fulfills its payment obligation under the Settlement Agreement to fully fund the settlement fund in the amount of $85,000.00.

BY THE COURT:

/S/ Kai N. Scott
**HON. KAI N. SCOTT**
**United States District Court Judge**